All right. Good morning. I see Ms. Remy and Mr. Fullerton. I think we call our third case this morning, United States v. Darayl Davis. Ms. Remy, you may proceed. Thank you, Your Honor. May it please the Court, my name is Colleen Remy and I represent Mr. Darayl Davis, the defendant appellant on appeal. Rule 43A creates a non-waivable requirement that both the court and the defendant appear in person at a change of plea hearing in a felony case. This Court has held that this requirement forbids the use of video teleconferencing to conduct a plea even when the defendant consents. There are good policy reasons behind this rule. The Court has noted that the absence of either the judge or the defendant materially changes the character of the proceedings. Not only that, but in person a defendant can consult with his attorney or clarify anything he may misunderstand or be confused about during the plea hearing. So in this case, I urge the Court to start from the proposition that a district court is not authorized to conduct a felony plea hearing via video or phone. Of course, we recognize that the Coronavirus Aid, Relief, and Economic Securities Act of 2020 created an exception to this rule. Section 15002 outlines specific prerequisites that a district court must meet before conducting a plea via video or telephone conference. As I'm sure this Court is well aware, the emergency conditions relating to COVID-19 must affect the functioning of the courts. The chief judge of the district must find that felony plea hearings cannot be conducted in person without seriously jeopardizing public health and safety. And along with the defendant's consent, a district judge in that particular case must find for specific reasons that the plea cannot be further delayed without serious harms to the interest of justice. In this case, that final prerequisite, the serious harms to the interest of justice, just did not exist. The argument here is not simply that there was a technical violation of the CARES Act and that the Court failed to make proper findings, but rather that the circumstances of the case, as presented in the record, do not present such a situation where the CARES Act authorizes a court to conduct, to disregard the in-person requirement of Rule 43a. And therefore, why isn't that claim of error encompassed within the waiver in the plea agreement? Your Honor, in Bethea, this Court said that consent, you know, that this is a violation of the requirement in Rule 43a, cannot be waived. But this is not a Rule 43a error, it's a CARES Act error, or at least that's the claim on appeal. And Bethea had to do with a Rule 43a error, and its discussion of waiver is limited to that context. We have specific statutory authority that authorized teleconference pleas, videoconference pleas, that's the CARES Act. You're claiming a violation of the terms of the CARES Act in your challenge to the adequacy of the findings that the interest of justice would be harmed in this case if there were further delay. And I really don't hear a solid argument for why that claim of error is not encompassed within the appeal waiver, which is otherwise comprehensive. I think I understand, Your Honor. I think that the difficulty comes in when we're looking at the relationship of Rule 43 and the CARES Act, because it's my position that when you read the entirety of Section 15002 of the CARES Act, it can really only be reasonably understood as a modification or an exception to Rule 43. So in the whole scheme of conducting the plea hearing, I think we have to start with the rules that are normally in place, so Rule 43a, and then look at how does the CARES Act potentially provide this exception or modification. And so to say that, well, I don't, I guess I don't understand the government's argument that it is entirely removed from the confines of Rule 43 because the court purported to act under the CARES Act. Mr. May, let me try that. I'm sorry. Let me try the same question a slightly different way. And that is, okay, suppose you're right in your characterization that the CARES Act is an exception. And suppose that what you mean by that is in a world where the CARES Act did not exist, Rule 43 would exist. In Rule 43, we know how the Seventh Circuit interpreted it in Bethea. Okay, fine. But the CARES Act does exist. And we know that criminal defendants, do we not, can choose to waive all kinds of rights in an appellate waiver? I mean, they do every day. You know it as well or better than we do. Of course. So in a world where the CARES Act does exist, and we know that statutory rights can be waived, why can't this statutory right be waived? Because the CARES Act didn't create a new statutory right, I think, would be my answer to that. Well, okay. Or statutory, why can't the statutory authorization to conduct a remote plea be waived? Forget the rights language then. The CARES Act did something. Sure. I think that if we, I think that maybe, maybe this can be best answered by, you know, another hypothetical. Say, say five years from now, you know, Congress doesn't repeal the CARES Act, it's still on the thing. Or maybe it is a thing, but we've all gotten back to using in-person hearings. I mean, honestly, when this, when Mr. Davis was, had an in-person plea, other courts were conducting, or I'm sorry, he had a telephonic plea, other courts were using in-person pleas. Hypothetically, let's say the CARES Act is still on the books, and there's no, there's no, one of the other elements isn't met. So the district, the chief judge hasn't decided that conducting in-person felony pleas would be a problem. And the court says, well, it would be a lot more convenient for me to do your plea via video. And so, do you consent to this? Yes, I consent. They go along with it under the CARES Act, we're using the video. And it's unquestionable that the CARES Act was not designed to allow video, regardless of the situation, was really only designed to carve out this exception in the situation where coronavirus presented a health and safety risk. Then the, then the question is, has, has that defendant by consenting or waiving his rights to appeal, waived all, you know, waived the Rule 40, like it should have happened under Rule 43. And, and just by invoking the CARES Act, we can't say, if the CARES Act doesn't properly apply, we can't say that Rule 43 then, the non-waivable requirements of Rule 43 get to be waived just because of an improper invocation of the CARES Act. You know, that is the argument. Very simplistically, Mr. Davis consented to the telephonic hearing. Yes, Your Honor. How's a judge supposed to know whether he's one of those defendants who consented, but really prefers to wait to begin his sentence, or a defendant who consented, but would rather get the sentence behind him? In other words, if you consent to remote court proceedings, and you do not tell the judge what you think is in the best interest of justice for you, how does the judge know? All the judge knows is he consented. Sure, I agree with you. The judge wouldn't necessarily know that. And I think that Congress easily could have said, look, there's COVID issues, there's this danger, as long as the defendant consents, we should allow these for the administration of justice to keep moving cases through, we should allow pleas and sentencing to be conducted via video, as long as the defendant consents. They added this additional requirement into the CARES Act specifically, and that is where the problem lies in this case. And thank you, Your Honors. I can see my time is up. Thank you. May it please the Court, good morning. We're seeking the Court to enforce the appellate waiver here. That appellate waiver was broad enough to cover Mr. Davis's sentencing by telephone. It was, there's no contention that the appellate waiver was unknowing or involuntary or uncounseled or not broad enough. It is a broad appellate waiver that covers any challenge to his conviction. And the Court validly accepted that plea and appellate waiver at a telephonic sentencing conducted according to the terms of the CARES Act. There's no question that the two preconditions for proceeding under the CARES Act with a remote plea were met, namely the finding of a, I think it's a national emergency by the judicial conference and the finding by the chief judge that in-person pleas would be dangerous. There's also no contention that the defendant did not consent, which would be the third condition authorizing the remote plea. And the only question is whether the defendant, whether the district court erred in finding that the plea could not be delayed without harm, with serious harm to the interest of justice. The district court made such a finding prior to the telephonic plea and the claim, I suppose, is that that finding by the district court that the plea could not be postponed without serious harm to the interest of justice was somehow erroneous or an abuse of discretion as to that district court finding. But that's precisely the sort of claim that is waived by the appellate waiver. We know that the appellate waiver covers this because not only was it in the conduct itself throughout the proceedings in a way that suggests he was perfectly comfortable with and wanted to proceed with a telephonic plea, the district court gave him ample notice that the plea would be held by telephone. I think there was an order, the order making the finding under the CARES Act was issued in September of several months before the plea actually took place. Mr. Davis, on the day of the telephonic plea, stated that he wished to proceed. And in the months in between the issuance of the order and the actual plea, there was never any claim that, wait, you know, wait, wait, wait, I don't want to go ahead by telephone, or that somehow the telephonic plea was not effective in some way. So we know that the appellate waiver is broad enough to cover this, and Mr. Davis conducted himself in accordance with that. There was no claim that this finding was erroneous, and so there's no claim that it was in clear error. Was this some kind of plain error, because no objection was made to the finding by the district court? Well, even if it were error, and somehow the district court's finding that the defendant wished to get on to his institution, to start taking advantage of the programs there, was inapplicable to Mr. Davis. It's not so obvious an error that needs to be taken account of here, particularly given where the record does support that. Mr. Davis was the defendant in a multimillion-dollar fraud scheme. He was, as it turned out, he was sentenced to provide restitution of over seven million dollars to some 25 victims. So Mr. Davis was facing a term of imprisonment at the time that the judge entered that finding regarding how the defendant would want to wish to get on to his institution, and so there was no reason to go ahead with this plea by telephone, and I can't say there was an abuse of discretion to do so. And furthermore, Davis has not identified any prejudice he suffered by going ahead with the telephonic plea. So given that he's waived it in his appellate waiver, his conduct prior to the plea hearing was consistent with that waiver, that he knew about it, he was voluntary, he was counseled, there were good reasons for issuing the order authorizing the telephonic plea, and Davis has not identified any prejudice that occurred to him as a result of the telephonic plea, we would ask the court to affirm his conviction and sentence. Thank you. All right, thank you very much. Ms. Ramay, your time had expired, but if you have some points to make in rebuttal, you may have an extra minute. Thank you, Your Honor. I just would like to conclude with the proposition that if Congress designed to create a system whereby during this national emergency a defendant could waive the unwaivable requirement in Rule 43A that felony pleas be conducted in person through simple consent or any other means, including an appeal waiver, it could have easily done so. And the fact that it included an additional requirement that there be serious harm to the interests of justice means that in cases where there are not serious harm to the interests of justice posed by a delay in the plea hearing, a plea conducted by video falls outside of the purview of the CARES Act and should be governed by Rule 43, and therefore this case was conducted in violation of Rule 43 and should be remanded for vacating the plea and further proceedings. Thank you, Your Honors. Thank you very much. Our thanks to both counsel. The case was taken under advisement and we'll move to our fourth case this morning.